UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JANE DOE NO. 11,

        Plaintiff,

vs.

RADIO ONE, INC. D/B/A/ BLACKPLANET.COM,
INTERACTIVE ONE, LLC, D/B/A BLACKPLANET.COM,
COMMUNITY CONNECT, INC. D/B/A/ BLACKPLANET.COM.
MIAMI VIBES ENTERPRISES, INC., DCASH TECHNOLOGIES, INC.,
DSYNTERNET MEDIA INC., DSYNTERNET ONLINE, INC.,
EMERSON CALLUM a/k/a EDWARD CALLUM, and LAVONT FLANDERS,

        Defendants.
_____/

## COMPLAINT

Plaintiff, JANE DOE NO. 11 brings this complaint against RADIO ONE, INC. D/B/A/ BLACKPLANET.COM, INTERACTIVE ONE, LLC, D/B/A/ BLACKPLANET.COM, COMMUNITY CONNECT, INC. D/B/A BLACKPLANET.COM, MIAMI VIBES ENTERPRISES, INC., DSYNTERNET MEDIA, INC., DSYNTERNET ONLINE, INC. DCASH TECHNOLOGIES, INC., EMERSON CALLUM a/k/a EDWARD CALLUM, and LAVONT FLANDERS, as follows:

### PARTIES AND JURISDICTION

1. This is an action for damages arising from the sexual assault and battery of JANE DOE NO. 11 by EMERSON CALLUM a/k/a EDWARD CALLUM and LAVONT FLANDERS, who, through the use of a false identity and deceit, contacted JANE DOE on the



website BLACKPLANET.COM, drugged and raped JANE DOE, and distributed video of the rape for profit, through MIAMI VIBES ENTERPRISES, INC.

2. This action seeks compensation in excess of $10 million.

3. Plaintiff JANE DOE is sui juris. Because this Complaint concerns rape and distribution of hardcore pornography, Plaintiff brings this Complaint under a fictitious name to protect her identity.

4. Plaintiff, JANE DOE, currently resides in Texas.

5. BLACKPLANET.COM is a social networking site for Black Americans with over 15 million members, over 20,000 groups and more than 200 million page views. BLACKPLANET.COM. provides members with the opportunity to connect and network with other users around the country to, among other things, build their careers by showcasing their talents and connecting with potential employers.

6. Defendant, RADIO ONE, INC., ("RADIO ONE"), is a radio broadcasting company that primarily targets African American and urban listeners. RADIO ONE owns BLACKPLANET.COM through it's digital platform property, INTERACTIVE ONE. RADIO ONE's headquarters are located in Lanham, Maryland.

7. Defendant, INTERACTIVE ONE, LLC ("INTERACTIVE ONE"), is a digital platform, owned by RADIO ONE, that provides online programming, products, and services for the African American community. INTERACTIVE ONE maintains and operates BLACKPLANET.COM.

8. Defendant, COMMUNITY CONNECT, INC., is an internet company that, at all relevant times, operated BLACKPLANET.COM. COMMUNITY CONNECT, INC., was purchased by RADIO ONE, INC. in 2008.

9. Upon information and belief, RADIO ONE, INC., INTERACTIVE ONE, LLC, and COMMUNITY CONNECT, INC., collectively own and operate BLACKPLANET.COM.

10. Defendant, MIAMI VIBES ENTEPRISES, INC., ("MIAMI VIBES") is an adult video production company. MIAMI VIBES' headquarters and principal place of business is located in Miramar, Florida.

11. Defendant, DCASH TECHNOLOGIES, INC. ("DCASH TECHNOLOGIES") owns and operates DCASHSTUDIOS.COM, an adult film website that sells adult films to the public. DCASH TECHNOLOGIES' home office is located in Fort Lauderdale, Florida.

12. Defendant, DSYNETERNET MEDIA INC. ("DSYNTERNET MEDIA"), owns and operates DCASHSTUDIOS.COM. DSYNTERNET's home office is located in Fort Lauderdale, Florida.

13. DSYNTERNET ONLINE, INC. ("DSYNTERNET ONLINE"), owns and operates DCASHSTUDIOS.COM which is an adult film website that sells adult films to the public. DSYNTERNET's home office is located in Fort Lauderdale, Florida.

14. DCASH TECHNOLOGIES, INC., DSYNTERNET MEDIA, INC., and DSYNTERNET ONLINE, INC. collectively own and operate DCASHSTUDIOS.COM.

15. Defendant, EMERSON CALLUM a/k/a EDWARD CALLUM ("CALLUM") is an adult male who resides in Miami, FL. At all relevant times, EDWARD CALLUM was the president and/or managing agent of MIAMI VIBES ENTERPRISES, INC. CALLUM has been criminally indicted by a federal grand jury for his alleged actions that are the subject matter of this lawsuit.

16. Defendant, LAVONT FLANDERS ("FLANDERS") is an adult male who resides in Miami, FL. FLANDERS has been criminally indicted by a federal grand jury for his alleged

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as there is diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds 10 million dollars ($10,000,000) exclusive of costs and interest.

## FACTUAL ALLEGATIONS

18. In or about 2006, JANE DOE was an adult female residing in Jacksonville, Florida.

19. JANE DOE created and maintained a BLACKPLANET.COM profile with the intention of social networking and furthering her career as a model.

20. JANE DOE posted modeling pictures of herself on her BLACKPLANET.COM profile in order to attract the interest of talent scouts and modeling agencies.

21. Black American models commonly use BLACKPLANET.COM for this purpose, which is well known among BLACKPLANET.COM users.

22. In or about January 2006, JANE DOE received an inbox message on her BLACKPLANET.COM profile from a person who purported to be a female talent scout (hereafter the "Female Talent Scout"). The Female Talent Scout told JANE DOE that she had viewed her profile on BLACKPLANET.COM and asked if she was interested in modeling opportunities.

23. Having no reason to believe that the person contacting her was not who she purported to be, and having never been warned that fraudulent solicitation by online predators was a prevalent practice on BLACKPLANET.COM, JANE DOE gave the Female Talent Scout her contact information and confirmed her interest in modeling.

24. The communication from the Female Talent Scout was made in a manner that gave JANE DOE a sense of security and trust, such that she reasonably believed she had been

contacted by a woman searching to fill legitimate modeling jobs. JANE DOE later discovered that the Female Talent Scout was actually LAVONT FLANDERS, a male with no connection to the modeling industry.

25.     JANE DOE was then contacted by someone purportedly named Antwon, who was in fact LAVONT FLANDERS. FLANDERS told JANE DOE that he was a talent scout and that the Female Talent Scout assigned him to contact JANE DOE. FLANDERS stated that he was interested in having her audition for a Bacardi modeling contract in South Florida. FLANDERS asked JANE DOE if she could drink alcohol, because the job requires that she take a "real shot" and then say her lines.

26.     The following week, JANE DOE traveled to South Florida and met FLANDERS. FLANDERS, however, informed her that they would have to reschedule the audition for the next weekend.

27.     Throughout the week prior to the rescheduled audition, FLANDERS contacted JANE DOE numerous times and asked her questions about her alcohol tolerance and experience with drinking hard liquor. When asked why it was relevant, FLANDERS told JANE DOE that he wanted to make sure she could "pass the audition".

28.     The following weekend, JANE DOE traveled to South Florida once again. FLANDERS picked JANE DOE up at her hotel and drove her to the audition location at the MIAMI VIBES ENTERPRISES, INC. office. During the audition, JANE DOE was asked to recite certain lines and take shots of Bacardi liquor. Throughout the audition, JANE DOE took approximately three shots of "Bacardi Gold".

29.     The next thing JANE DOE remembers after taking the shots of liquor is waking up in FLANDERS' car and being dropped off at the hotel. FLANDERS told JANE DOE that

she would hear something in the next couple of days.

30. JANE DOE told her cousin, who was waiting at the hotel, that she couldn't remember what had happened, but she didn't think she got the modeling job because she could not handle the shots of liquor. JANE DOE remembers being very sleepy and "dozing off" throughout their subsequent trip to Key West, Florida.

31. After returning home, and not hearing anything about the audition, JANE DOE contacted the Female Talent Scout through her BLACKPLANET.COM profile. The Female Talent Scout informed her via BLACKPLANET.COM message that she did not get the part.

32. In or about May, 2006, JANE DOE was contacted by FLANDERS once again. FLANDERS told her that "Olympic Models" was still interested in her, even though she did not pass the first audition, and asked her to come back to audition for a Hennessy and Bacardi modeling contract.

33. JANE DOE travelled to South Florida for the audition. JANE DOE was once again taken to the MIAMI VIBES office. During the audition, JANE DOE was told to take shots of alcohol once again and recite similar lines as before. The next thing JANE DOE remembers is being dropped off by FLANDERS at her uncle's house, where she was staying. FLANDERS told her she did really well and would hear back from them the next day.

34. JANE DOE never heard back from FLANDERS or the Female Talent Scout.

35. In or about October, 2007, JANE DOE was contacted by her agent, who asked her why she did not tell him that she appeared in pornography. Shocked and confused, JANE DOE informed her agent that she had never appeared in pornography. JANE DOE's agent informed her that there is a hardcore pornographic video of her available on the internet.

36. JANE DOE's agent purchased the pornographic video and brought it to JANE

DOE's house to view. JANE DOE watched the video of her with EDWARD CALLUM, realizing for the first time that she had been raped by CALLUM during one of the auditions. This was the first time she ever remembered seeing CALLUM.

37. Upon learning that CALLUM and FLANDERS had been arrested for rapes of other women whom they slipped the drug Xanax in an alcohol drink, JANE DOE went to the police station and pressed charges against them.

38. Upon information and belief, CALLUM and FLANDERS likewise placed the drug Xanax in the shots of hard liquor that were consumed by JANE DOE as part of the audition. Upon information and belief, when Xanax is mixed and consumed with alcohol, it has the effect of causing one to "black out", with the inability to control one's actions or remember anything that occurred while under the influence.

39. Upon information and belief, during either or both auditions, while JANE DOE was unknowingly under the influence of Xanax and alcohol, CALLUM raped JANE DOE while FLANDERS recorded the rape on video. CALLUM then produced and distributed the rape video for profit as hardcore pornography through his company, MIAMI VIBES ENTERPRISES, INC., without the consent of JANE DOE or even the knowledge that she had been raped.

40. Upon information and belief, MIAMI VIBES sold and distributed the pornographic video of JANE DOE being raped via the internet on DCASHSTUDIOS.COM.

41. Upon information and belief, CALLUM and FLANDERS used BLACKPLANET.COM as a database of potential victims to fraudulently solicit girls, such as JANE DOE, into fake modeling auditions, where they were drugged, raped, and videotaped for profit.

42. As a direct and proximate result of the fraudulent solicitation, drugging, rape, and dissemination of the rape video, JANE DOE has suffered and will continue to suffer severe mental anguish and pain.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANTS,
### RADIO ONE, INC. COMMUNITY CONNECT, INC., AND INTERACTIVE ONE, LLC. D/B/A/ BLACKPLANET.COM

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42

44. At all relevant times, BLACKPLANET.COM, was promoted and marketed as a social networking website where one could "showcase your talent with a personal profile and build your network".

45. BLACKPLANET.COM promoted and encouraged members to use BLACKPLANET.COM as means of promoting and furthering their careers through social and professional networking, including young women who aspired to a career in modeling.

46. BLACKPLANET.COM knew or should have known that the website was used by young women to post pictures of themselves in order to attract the interest of talent scouts and connect with modeling agencies to further their modeling careers.

47. BLACKPLANET.COM knew or should have known of the prevalence of online predators, who would create false identities, present phony opportunities and make false promises in order to deceive BLACKPLANET.COM members.

48. BLACKPLANET.COM knew or should have known that said online predators would solicit personal information and/or set up in-person meetings with vulnerable BLACKPLANET.COM members, who would rely upon their false identities and promises.

49. BLACKPLANET.COM knew or should have known of the potential and likely

dangers that resulted from BLACKPLANET.COM members being fraudulently solicited by online predators using BLACKPLANET.COM under a false identity.

50.     BLACKPLANET.COM had a duty to warn JANE DOE, and other BLACKPLANET.COM users, of the prevalence of online predators who are members of BLACKPLANET.COM and use false identities and present phony opportunities in order to fraudulently solicit victims.

51.     BLACKPLANET.COM breached this duty by negligently failing to adequately warn or inform JANE DOE, and other BLACKPLANET.COM users, of the dangers and risks associated with such activity arising from use of a BLACKPLANET.COM profile.

52.     Due to BLACKPLANET.COM's negligence, online predators such as CALLUM and FLANDERS had access to a database of vulnerable, unsuspecting and uninformed victims.

53.     Had JANE DOE been adequately warned by BLACKPLANET.COM, she would not have been deceived by the false identities, phony opportunities, and fraudulent solicitation by FLANDERS.

54.     As a direct and proximate result of BLACKPLANET.COM's negligence, JANE DOE has suffered and will continue to suffer severe mental anguish and pain, psychological and emotional injuries and loss of enjoyment of life.

WHEREFORE, Plaintiff, JANE DOE NO. 11, demands judgment against Defendants RADIO ONE, INC. COMMUNITY CONNECT, INC., and INTERACTIVE ONE, LLC., collectively D/B/A/ BLACKPLANET.COM for compensatory damages, costs and such other and further relief as this Court deems proper.

## COUNT II
## SEXUAL BATTERY AGAINST
## EDWARD CALLUM

55.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 42 above.

56.   CALLUM committed sexual battery upon JANE DOE consisting of intentional, harmful, unwanted and offensive sexual contact.

57.   CALLUM intentionally inflicted harmful or offensive sexual contact on the person of JANE DOE.

58.   As a direct and proximate result of these sexual assaults, JANE DOE suffered severe injuries, including but not limited to mental, psychological and emotional trauma and loss of enjoyment of life. These injuries are continuing and permanent nature.

WHEREFORE, Plaintiff, JANE DOE NO. 11, demands judgment against Defendant, EDWARD CALLUM, for compensatory damages, costs and such other and further relief as this Court deems proper.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST
## LAVONT FLANDERS AND MIAMI VIBES

59.   Plaintiff repeats and realleges the allegations set forth paragraphs 1 through 42 above.

60.   FLANDERS' and MIAMI VIBES' conduct was intentional or reckless.

61.   FLANDERS' and MIAMI VIBES' conduct was outrageous, going beyond all bounds of decency.

62. FLANDERS' and MIAMI VIBES' conduct caused severe emotional distress to JANE DOE. FLANDERS knew or had reason to know that his intentional and outrageous conduct would cause emotional trauma and damage to JANE DOE.

63. As a direct and proximate result of FLANDERS' and MIAMI VIBES intentional or reckless conduct, JANE DOE has suffered and will continue to suffer severe mental anguish and pain.

WHEREFORE, Plaintiff JANE DOE NO. 11 demands judgment against Defendants, LAVONT FLANDERS and MIAMI VIBES ENTERPRISES, INC. for compensatory damages, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV
## DIRECT CORPORATE LIABILITY AGAINST MIAMI VIBES
## (For the acts of Edward Callum)

64. Plaintiff repeats and realleges the allegations set forth paragraphs 1 through 42 above.

65. Upon information and belief, EDWARD CALLUM was the president and/or owner and/or managing agent of MIAMI VIBES ENTERPRISES, INC.

66. Upon information and belief, the pornographic videos that are subject to this lawsuit were produced, distributed, and sold by MIAMI VIBES.

67. Upon information and belief, EDWARD CALLUM, by virtue of his position with MIAMI VIBES, fraudulently solicited, drugged, raped, and videotaped women, in order to produce, distribute, and profit from the videos. These acts were done in furtherance of the business interests of MIAMI VIBES.

68. Upon information and belief, MIAMI VIBES has profited from the distribution and sales of the rape videos that were illegally and fraudulently produced by CALLUM as managing agent of MIAMI VIBES.

69. MIAMI VIBES is directly liable for the sexual assault and battery of JANE DOE by CALLUM, who committed the heinous crime as managing agent of MIAMI VIBES, and in furtherance of the business interests of MIAMI VIBES.

70. As a direct and proximate result of CALLUM's acts as managing agent of MIAMI VIBES, JANE DOE has suffered and will continue to suffer severe mental anguish and pain and the loss of enjoyment of life.

WHEREFORE, Plaintiff JANE DOE NO. 11 demands judgment against Defendant, MIAMI VIBES ENTERPRISES, INC., for compensatory damages, costs, and such other and further relief as this Court deems just and proper.

### COUNT V
### INVASION OF PRIVACY
### AGAINST DCASH TECHNOLOGIES,
### DSYNTERNET MEDIA, and DSYNTERNET ONLINE

71. Plaintiff repeats and realleges the allegations set forth paragraphs 1 through 42 above.

72. Upon information and belief, Defendants, DCASH TECHNOLOGIES, DSYNTERNET MEDIA, and DSYNTERNET ONLINE D/B/A/ DCASHSTUDIOS.COM (collectively, the "DCASHSTUDIOS DEFENDANTS") commercially advertised, promoted, and sold copies of the video of JANE DOE being raped by EDWARD CALLUM to the public via the internet.

73. Upon information and belief, the DCASHSTUDIOS DEFENDANTS knew or should have known that JANE DOE was drugged before filming and did not lawfully consent to the sexual acts depicted in the video.

74. Upon information and belief, the DCASHSTUDIOS DEFENDANTS knew or should have known that JANE DOE was raped in the video.

75. In August, 2011, EDWARD CALLUM and LAVONT FLANDERS were criminally indicted for the acts alleged in this lawsuit as well as similar acts alleged upon other victims. The federal indictment is public record and discloses that the videos were distributed for sale on the internet through MIAMI VIBES.

76. Despite, the actual and/or constructive knowledge of the DCASHSTUDIOS DEFENDANTS that women depicted in these videos, including JANE DOE, were deceived, drugged and did not lawfully consent to the sexual acts depicted in the videos or the commercial sales and distribution of the videos, the DCASHSTUDIOS DEFENDANTS continue to commercially advertise, promote, and sell the video to the public on the internet of women, including JANE DOE, being raped.

77. The DCASHSTUDIOS DEFENDANTS commercially used and continue to use the depiction of JANE DOE being raped, without her lawful consent, for commercial, trade, and advertising purposes.

78. The DCASHSTUDIOS DEFENDANTS, through the promotion, advertising, and commercial sales of the video depicting JANE DOE being raped, had caused JANE DOE extreme mental suffering, shame, and humiliation.

79. JANE DOE suffers from irreparable injury from the continuing sale and distribution of the video of JANE DOE's rape.

80. JANE DOE will continue to suffer from future mental suffering, shame, and humiliation, as DCASHSTUDIOS DEFENDANTS continue to sell and distribute the video of her being raped.

WHEREFORE, Plaintiff JANE DOE NO. 11 demands judgment against Defendants, DCASH TECHNOLOGIES, INC., DSYNTERNET MEDIA, INC., and DSYNTERNET ONLINE, INC., D/B/A/ DCASHSTUDIOS.COM for compensatory damages, injunctive relief, costs, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: October 24, 2011.

Respectfully Submitted,

HERMAN, MERMELSTEIN & HOROWITZ P.A.
18205 Biscayne Blvd., Suite 2218
Miami, FL 33160
Tel: 305-931-2200
Fax: 305-931-0877

By: _____
Jeffrey M. Herman
Florida Bar No. 521647
Stuart S. Mermelstein
Florida Bar No. 947245
Adam D. Horowitz
Florida Bar No. 376980
Jessica D. Arbour
Florida Bar No. 67885
Arick W. Fudali
Florida Bar No. 85899